IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK IRVIN MOPPINS,

    Petitioner,                    No. CIV S-06-2708 WBS GGH P

    vs.

TOM CAREY, et al.,

    Respondents.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2004 decision by the Board of Parole Hearings (BPH) finding him unsuitable for parole. Pending before the court is respondent's March 23, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations.

        In <u>Redd v. McGrath</u>, 343 F.3d 1077, 1082 (9th Cir. 2003) the Ninth Circuit found that the statute of limitations for a petition challenging the denial of parole ran from the date that the petitioner received notice of the parole board's denial of the petitioner's administrative appeal. Citing Exhibit 1, respondent argues that California Board of Appeals denied petitioner's appeal on September 9, 2004. The decision by the Board of Appeals is not attached to exhibit 1. Accordingly, within ten days of the date of this order, respondent shall file a copy of this

1

1 decision.

2       If the limitations period ran from September 9, 2004, then the instant action is not
3 timely.  In his opposition to the pending motion, petitioner suggests that he is entitled to
4 equitable tolling.  Petitioner claims that after the California Supreme Court denied his state
5 habeas petition on February 1, 2006, he was advised by the attorney representing him at his
6 parole suitability hearings that the attorney would file all further appeals.  Petitioner claims that
7 he then sent all of the relevant transcripts to the attorney .  Petitioner claims that his attorney did
8 not respond to calls from his wife or daughter or to letters from petitioner.  Petitioner states that
9 the attorney who represented him on appeal is Kenneth Walton in Oakland, California.

10       When an attorney's misconduct is sufficiently egregious, it may constitute an
11 "extraordinary circumstance" warranting equitable tolling of the statute of limitations.  Spitsyn v.
12 Moore, 345 F.3d 796, 800 (9th Cir. 2003)(remanding for determination of equitable tolling
13 where retained post-conviction counsel made affirmative statements that he would file federal
14 habeas petition but failed to do so, and where counsel would not release the file to petitioner
15 upon request).

16       Petitioner is directed to file further briefing regarding his communications with
17 Mr. Walton.  Petitioner shall file copies of all communications between him and Mr. Walton
18 regarding Mr. Walton's representations that he would file "all further appeals."  If petitioner does
19 not have copies of these communications, or if these communications were oral, petitioner shall
20 file a declaration describing these communications including when they occurred.  Petitioner
21 shall also inform the court whether Mr. Walton prepared the habeas petitions filed in state court
22 challenging the 2004 decision by the BPH.  Finally, petitioner shall also inform the court what
23 prompted him to finally file his federal petition in November 2006.

24       Following receipt of petitioner's further briefing, the court shall determine
25 whether an evidentiary hearing is warranted.
26 /////

1  Accordingly, IT IS HEREBY ORDERED that:
2  1. Within ten days of the date of this order, respondent shall file a copy of the
3  September 9, 2004, decision by the California Board of Appeals;
4  2. Within thirty days of the date of this order, petitioner shall file the further
5  briefing discussed above.
6  DATED: 5/22/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

10  mop2708.fb