IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK IRVIN MOPPINS,

    Petitioner,                          No. CIV S-06-2708 WBS GGH P

    vs.

TOM CAREY, et al.,

    Respondents.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed this action on November 29, 2006. This action is proceeding on the amended petition filed January 18, 2007. Petitioner challenges the May 12, 2004, decision by the Board of Parole Hearings (BPH) finding him unsuitable for parole.

           Pending before the court is respondent's March 23, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, the court recommends that respondent's motion be granted.

           The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

/////

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered, which is usually the date petitioner learns the result of the administrative appeal of the denial of parole. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003). However, as of May 1, 2004, the BPH administrative appeal process for parole hearings was repealed. See Respondent's July 9, 2007, further briefing, exhibit 2, ¶ 2. Because the at-issue parole hearing was held on May 12, 2004, petitioner could not have administratively appealed this denial. Id., ¶ 3. A review of administrative appeals filed with the BPH confirms that petitioner did not file an administrative appeal. Id., ¶ 4. Therefore, the court finds that the statute of limitations began to run on the date the May 12, 2004, denial of parole became final, i.e. September 9, 2004. See Motion to Dismiss, Exhibit 1. Petitioner had one year from that date, i.e. until September 9, 2005, to file a timely federal habeas petition. The instant action, filed November 29, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

/////

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

On March 7, 2005, petitioner, proceeding pro se, filed a habeas corpus petition in the San Joaquin Superior Court. Motion to Dismiss, Exhibit 2. On April 7, 2005, the Superior Court denied the petition. Id. Petitioner, proceeding pro se, filed a habeas corpus petition in the California Court of Appeal. Although the record does not reflect when this petition was filed, it was denied on May 5, 2005. Id., Exhibit 3. Petitioner, proceeding pro se, filed a habeas petition in the California Supreme Court. Although the record does not reflect when this petition was filed, it was denied on February 1, 2006. Id., Exhibit 4.

Petitioner's state petitions were pending for 331 days, i.e. from March 7, 2005, to February 1, 2006. See Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999) (petitioner entitled to interval tolling for properly filed state habeas petitions). Adding 331 days to September 9, 2005, would make the statute of limitations period end on August 6, 2006. The instant petition is still not timely.[1]

The court now considers whether petitioner is entitled to equitable tolling. A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id.

In his opposition, petitioner suggests that he is entitled to equitable, and possibly statutory, tolling because the California Court of Appeal did not respond to a second habeas

---

[1] Citing Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006), respondent argues that the instant petition is not timely because of the delay between the time the California Supreme Court denied petitioner's state habeas petition and the time petitioner filed the instant petition. Based on the Supreme Court decision in Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006), the Ninth Circuit in Gaston found that the petitioner was not entitled to interval tolling for the delays between the filing of his *state* petitions.

petition he filed. In the original petition filed November 29, 2006, petitioner states that he filed a habeas corpus petition in the Marin County Superior Court that was denied on March 12, 2004. Petition, p. 4. Petitioner claims that he then filed a petition in the California Court of Appeal which was not responded to. Id., p. 4. In his opposition, petitioner suggests that the state appellate court's failure to respond to this petition contributed to his delay in filing the instant action.

Petitioner's 2004 suitability hearing was held in May 2004. His round of state habeas petitions which began in the Marin County Superior Court and included the petition that the California Court of Appeal allegedly failed to respond to began before May 2004. Therefore, these petitions could not have raised claims regarding the 2004 hearing. Petitioner is not entitled to equitable or statutory tolling based on this round of state habeas petitions.

In his opposition to the pending motion, petitioner suggests that he is entitled to equitable tolling based on misconduct by his attorney. When an attorney's misconduct is sufficiently egregious, it may constitute an "extraordinary circumstance" warranting equitable tolling of the statute of limitations. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (remanding for determination of equitable tolling where retained post-conviction counsel made affirmative statements that he would file federal habeas petition but failed to do so, and where counsel would not release the file to petitioner upon request).

In his opposition filed April 5, 2007, petitioner alleged that after the California Supreme Court denied his state habeas petition on February 1, 2006, he was advised by Kenneth Walton, the attorney representing him at his parole suitability hearings, that Walton would file all further appeals. Opposition, p. 2: 22-25. Petitioner claimed that he then sent all of the relevant transcripts to Walton. Id., pp. 2:26-27-3:1-4. Petitioner claimed that Walton did not respond to calls from his wife or daughter or to letters from petitioner. Id., p. 3: 1-4.

On May 22, 2007, the court ordered petitioner to file further briefing regarding his communication with Walton. Petitioner was directed to file copies of all communications

4

between him and Walton regarding Walton's representations that he would file "all further appeals." If petitioner did not have copies of these communications, or if these communications were oral, petitioner was directed to file a declaration describing these communications including when they occurred. Petitioner was also directed to inform the court what prompted him to finally file his federal petition in November 2006.

On June 22, 2007, petitioner filed further briefing in response to the May 22, 2007, order. Petitioner states that Walton represented him at his last two suitability hearings. Further Briefing, p. 2. Attached to the further briefing as exhibits are documents indicating that Walton represented petitioner at his suitability hearings held in December 2005 and December 2006. Attached to the amended petition as an exhibit is a document titled "Life Prisoner Worksheet." This document states that petitioner was represented by attorney Dylan Sullivan at his 2004 suitability hearing. Amended Petition, court file page 24 of 29.

Petitioner claims that during visits regarding the 2005 and 2006 suitability hearings "things were discussed in detail about the filings prior to the hearings and once the hearings were over, it was then that petitioner was told by his attorney that he would file things for him and to make sure that he got all the transcripts and anything else the courts sent to him." Further briefing, p. 2. Petitioner claims that Walton told him that he should not file in pro per because pro per litigants rarely succeed. Id., p. 3.

Attached to petitioner's briefing is a letter addressed to petitioner from Walton dated May 14, 2007. This letter states, in relevant part,

> Recently, I received your letter and the transcripts and I wanted to communicate to you, as I did in the past that I will not be able to work on your writ. You did not consult with me before filing your writ and I informed you, once I found out about it, that you should seek the assistance and advice of an attorney. At no point did I inform you that I would do it. I told you that if I could find someone to handle it that I would have them contact you. However, you knew that you were responsible for the writ since you initiated it without my consultation or preparation.

/////

Although Walton's letter does not identify the writ to which he is referring, based on the timing and contents of the letter, it most likely refers to the instant action.

Petitioner's claims regarding what Walton told him and when are conflicting. In his opposition, petitioner claims that from February to November 2006 Walton told him that he would file all further appeals regarding the 2004 suitability hearing – suggesting that Walton's communications with petitioner regarding this issue were in reaction to the order by the California Supreme Court denying his habeas petition in February 2006. In his further briefing, petitioner states that during his visits with petitioner regarding the December 2005 and December 2006 suitability Walton told him that he would file petitioner's appeals regarding the 2004 suitability hearing.

Also puzzling is the fact that Walton did not represent petitioner at the 2004 suitability hearing. It seems more likely that any representations by Walton to petitioner regarding "appeals" of suitability hearings concerned the 2005 and 2006 suitability hearings, where he represented petitioner. Petitioner's statement in his further briefing, as set forth above, that during visits before these hearings "things were discussed in detail about the filings prior to the hearings and once the hearings were over, it was then that petitioner was told by his attorney he would file things for him," supports this finding.

As stated above, equitable tolling is based on attorney misconduct which is sufficiently egregious. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003). It is also petitioner's burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Based on the record discussed above, the court does not find that petitioner has adequately demonstrated that Walton told him that he would file a federal petition regarding the 2004 suitability hearing. Rather, the record suggests that any representations made to petitioner by Walton concerned the 2005 and 2006 hearings, at which he represented petitioner. Walton's letter, as set forth above, also supports the finding that he did not tell petitioner that he would file a federal habeas petition

regarding the 2004 suitability hearing.

Giving petitioner the benefit of the doubt, he may have been confused regarding the suitability hearings Walton agreed to file writs regarding. Petitioner's misunderstanding regarding this matter does not entitle him to equitable tolling. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about the timing of exhausting his state remedies and filing his federal habeas petition).

The court also concludes that an evidentiary hearing is not warranted.

> A habeas petitioner...should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must demonstrate they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006).

Petitioner is not entitled to an evidentiary hearing because, for the reasons discussed above, no extraordinary circumstance stood in his way which prevented him from filing a timely habeas petition challenging his 2004 suitability hearing.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 23, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: 10/12/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7  mopp2708.157